UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALECIA L. RIDGEWAY,

                          Plaintiff,

    v.                                           **DECISION AND ORDER**
                                                                   05-CV-247S

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

      1.      Plaintiff Alecia Ridgeway challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled as defined by the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since April 7, 2000, due to herniated discs, carpal tunnel syndrome, ganglion cysts on her left hand, tenosynovitis of the hand and wrist, and lateral epiconylitis of the right elbow ("tennis elbow"). Plaintiff contends that these injuries have rendered her unable to work since that date. She therefore asserts that she is entitled to payment of disability insurance benefits ("DIB") under the Act.

      2.      Plaintiff filed an application for DIB on February 5, 2001. Her application was denied initially on June 5, 2001, and Plaintiff requested a hearing. An administrative hearing was held before ALJ Miriam Trudelle, who issued a favorable decision on September 13, 2002. Upon its own motion, the Appeals Council reviewed ALJ Trudelle's decision and remanded the matter for another hearing. Plaintiff and her counsel appeared for a second administrative hearing before ALJ Marilyn Zahm on March 6, 2003. ALJ Zahm reviewed the case *de novo*, and on September 26, 2003, issued a decision finding that Plaintiff was not under a disability. On February 11, 2005, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on April 11, 2005,

challenging Defendant's final decision.[1]

3. On September 19, 2005, the Commissioner filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed a Motion for Judgment on the Pleadings on September 20, 2005. On November 10, 2005, this Court cancelled oral argument as unnecessary, and reserved decision on the Motions.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153

---

[1] The ALJ's September 26, 2003 decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review.

(S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.      The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.      This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.      While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this

inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9.  In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability until April 5, 2001, and it is unnecessary to determine whether her work on or after December 2001 constitutes substantial gainful activity[2] (R. at 19, 26);[3] (2) Plaintiff's bilateral carpal tunnel syndrome, tendonitis of the elbows and wrists, tenosynovitis in the hands, and cervical spine disorder are "severe" based on the regulations (R. at 22, 26); (3) Plaintiff's impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation Number 4 (R. at 22, 26); (4) Plaintiff retained the residual functional capacity to lift and carry 15 pounds, but she is unable to perform repetitive motions of the cervical spine or to repetitively use her hands and wrists (R. at 24, 26); and (5) Plaintiff is unable to perform her past relevant work (R.

---

[2] At the second administrative hearing, Plaintiff testified that she returned to work on December 19, 2001, and has remained at work since that time. (R. at 18). However, she testified that because of her injuries, she has not been able to perform her regular job or other jobs to which she has been assigned. (R. at 18). The record reflects that Plaintiff's employer has created various jobs to accommodate her limitations and she has been permitted to work at a lower standard of efficiency than other employees. (R. at 18). Under the relevant social security regulations and rulings, work that is done under special conditions may not show the ability to do substantial work. (R. at 18). However, the ALJ concluded that it was not necessary to determine whether the work that Plaintiff performed since December 2001 was substantial gainful activity in light of the ALJ's conclusions that Plaintiff retains the residual capacity to perform a substantial range of sedentary work, that there are a significant number of jobs in the national economy that she could perform, and therefore, that she is not disabled within the meaning of the Act.

[3] Citations to the underlying administrative record are designated as "R."

at 25, 26).  Considering Plaintiff's status as a younger individual, with more than a high school education, with transferable semi-skills from her past work, and a residual functional capacity to perform a significant range of sedentary work, the ALJ determined based on the Medical-Vocational Guidelines and the testimony of a vocational expert that there are a number of jobs in the national economy that Plaintiff could perform, such as a taxicab starter and a telephone operator.  (R. at 25-27).  Ultimately, the ALJ determined that Plaintiff was not under a disability, as defined by the Act, at any time through the date of her decision, September 26, 2003.  (R. at 26, 27).

10.   In the instant case, Plaintiff advances a number of challenges to the ALJ's decision.  Plaintiff argues that the ALJ failed to consider and discuss her employment history in rendering a determination as to her credibility.  Specifically, the ALJ discredited Plaintiff's complaints regarding her limitations with respect to lifting and sitting and her complaints of debilitating pain.  (R. at 23).  At the hearing before ALJ Zahm, Plaintiff testified that she could not lift any weight with her right hand and could lift only two pounds with her left hand.  (R. at 23).  Plaintiff also testified that she could not sit for more than one-half hour because she gets tired.  (R. at 23).  Plaintiff testified that after December 2001, her pain was a 7 or 7-1/2 on a scale of one to ten.  (R. at 22).  Her pain was reduced to 5-1/2 with over the counter Tylenol, which she takes 3 times a day.  (R. at 22).

"A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability."  Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983) (citing Singletary v. Sec'y of Health, Educ. & Welfare, 623 F.2d 217, 219 (2d Cir. 1980)); see also Maggio v. Heckler, 588 F. Supp. 1243, 1246 (W.D.N.Y. 1984); Patterson v. Chater, 978 F. Supp. 514, 519 (S.D.N.Y. 1997); Nelson v. Barnhart, No. 01-

Civ-3671, 2003 WL 1872711, at *7 (S.D.N.Y. April 10, 2003). This is because a claimant with an established history of employment is unlikely to be "feigning disability." Patterson, 978 F. Supp. at 519. Accordingly, as courts in the Second Circuit have acknowledged, an ALJ's failure to consider a claimant's work history in an evaluation of his or her credibility is "'contrary' to the law in this circuit and the SSA's rulings." Pena v. Barnhart, No. 01 Civ. 502, 2002 WL 31487903, at *13 (S.D.N.Y. Oct. 29, 2002) (quoting Montes-Ruiz v. Charter, 129 F.3d 114 (Table) (2d Cir. 1997)).

In the present case, it appears that Plaintiff has an excellent work history for a younger individual. At the time she began experiencing medical problems, Plaintiff had worked for Ford Motor Company for nearly ten years and was making $50,000 a year. (R. at 112). Prior to that time, Plaintiff worked as a strand operator for a metal manufacturer for over a year, and as a material analyst for an aerospace company for six years. (R. at 351-52). Given that Plaintiff was only forty years old when she allegedly became disabled, this Court finds that a seventeen year work history is sufficiently lengthy to warrant the ALJ's consideration. In the view of this Court, Plaintiff's work history suggests that she is not the type of Social Security claimant who would feign disability. Patterson, 978 F. Supp. at 519.

Under the circumstances, the ALJ was required to afford "substantial credibility" to Plaintiff's claim that she is unable to work because of her disability or specifically state why she was not credible despite her work history. Rivera, 717 F.2d at 725. However, the ALJ neither discussed Plaintiff's work history, nor indicated what weight, if any, she afforded it in determining whether her testimony regarding her physical restrictions was credible.[4] The

---

[4] Beyond noting that Plaintiff could no longer perform her past relevant work as an inspector, material disposer, a stranding machine operator and a stamping machine operator (R. at 25, 26), the ALJ did not discuss Plaintiff's work history.

6

ALJ's failure to afford substantial deference to Plaintiff's testimony regarding her physical limitations clearly impacted the ALJ's ultimate determination that Plaintiff was not disabled under the Act.  That is, the ALJ's conclusion regarding Plaintiff's residual functional capacity was necessarily informed by her disbelief of Plaintiff's testimony regarding her extreme physical limitations, particularly her inability to lift more than two pounds or sit for more than one half hour.  If the ALJ afforded substantial credibility or even favorable credibility to Plaintiff's testimony, she may have reached a different conclusion with respect to Plaintiff's ability to make a vocational adjustment to other work.

Based on the foregoing, this Court finds that ALJ Zahm's credibility determination does not comply with the governing case law.  Because the ALJ's credibility finding is legally deficient, this Court will remand this case to allow the ALJ to properly consider Plaintiff's work history and afford it the weight required by law.

11.   In addition to challenging the ALJ's failure to consider her work history, Plaintiff also argues that the vocational expert's testimony does not support the ALJ's determination that there were jobs in the national economy which Plaintiff could perform. As previously noted herein, the ALJ concluded that Plaintiff retained the residual functional capacity to lift and carry 15 pounds, but is unable to move her cervical spine repetitively or to use her hands and wrists repetitively.  (R. at 24, 26).  In her decision, the ALJ represented that according to the vocational expert, a hypothetical person with Plaintiff's work restrictions and with semi-skills from one year of college study and past relevant work is capable of making a vocational adjustment to other work, such as a taxicab starter or a telephone operator.  (R. at 25-26).

Having reviewed the hearing transcript, this Court finds that the vocational expert

did not opine that a hypothetical person with Plaintiff's particular limitations perform work in the national economy, and that the expert inappropriately equated "repetitive use" with "occasional use." For example, the ALJ questioned the vocational expert as follows:

> ALJ: For purposes of these hypotheticals please assume the claimant's age, educational level, past work experience with the following limitations. My first hypothetical. No repetitive use of the hands, no lifting over 10 pounds, could any past relevant work be done?
>
> VE: No, none of the last, none of the past work.
>
> ALJ: Is there other work that could be done?
>
> VE: *So this individual would have no repetitive use of her hands at all?*
>
> ALJ: *Right. And I suppose to be on the safe side, we could call that occasional use of the hands.*
>
> VE: *So only occasionally she can use her hands?*
>
> ALJ: Right.
>
> VE: Really, if a person has that much limitation in her hands, and only occasionally, that's up to one third of the time they are able to do stuff, I do not think they can do it.

(R. at 906) (emphasis added). After presenting additional hypotheticals, the ALJ stated to the vocational expert, "I think I am confusing you with the words repetitive," and suggested "let's just call it occasional." (R. at 909).

This testimony clearly reflects the vocational expert's confusion over whether the hypothetical person was unable to use his or her hands repetitively or could use his or her hands only occasionally. In the view of this Court, these limitations are qualitatively different and cannot be equated with one another. Accordingly, this Court finds that ALJ erred in relying on the expert's testimony in reaching her determination that Plaintiff, or a similar person who was unable to use her hands repetitively, is capable of making a vocational adjustment to other work. (R. at 25). This is particularly true in light of the fact that the vocational expert testified that a taxicab starter and a telephone operator, cited as

8

examples of jobs in the national economy that Plaintiff could perform, could be required to use his or her hands repetitively. (R. at 914-15). Accordingly, this case will be remanded on this basis as well.

12.   Lastly, Plaintiff argues that this case should be remanded to address whether Plaintiff is eligible for step one of the sequential evaluation process. Because this case is being remanded based on the deficiency of the ALJ's credibility determination and the improper reliance on the vocational expert's testimony, this Court will not address Plaintiff's remaining argument at this juncture. However, the ALJ is directed to consider Plaintiff's additional argument on remand, after re-evaluating the credibility of Plaintiff's testimony, affording proper consideration to her past employment, and reconsidering the vocational expert's testimony.

13.   After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision. Plaintiff's Motion for Judgment on the Pleadings is therefore granted. Defendant's Motion for Judgment on the Pleadings is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 4) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security

for further proceedings consistent with this Decision and Order.

    FURTHER, that the Clerk of the Court is directed to close this case.

    SO ORDERED.

Dated:  September 27, 2006
         Buffalo, New York

                                     <u>/s/William M. Skretny</u>
                                      WILLIAM M. SKRETNY
                                      United States District Judge